IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv222

| | | |
|---|---|---|
| **WILLIAM G. KATIBAH,** | ) | |
| **Plaintiff,** | ) | |
| Vs. | ) | **ORDER** |
| **TARGET STORES, INC.; and TARGET CORPORATION,** | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the court on plaintiff's Motion for a New Trial (#51) and defendants' Response. The court throughly recalls the recent trial in this matter and finds that a transcript is not necessary. The court will now consider the request for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

## Standard of Review

Federal Rule of Civil Procedure 59 allows the Court to grant a new trial to any or all parties on any or all of the issues. Fed. R. Civ. P. 59(a); Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 511 F.2d 839, 845-46 (4th Cir. 1975). A new trial may be granted on the motion of a party, or *sua sponte* by the Court. Fed. R. Civ. P. 59(b), (d). Where the case was tried before a jury, a new trial shall be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[,]" such as: "(1) intervening changes in the law; (2) new evidence not available at trial; and (3) to correct a clear error of law or prevent a miscarriage of justice." Fed. R. Civ. P. 59(a); Douglas v. McCarty, 87 F.App'x 299, 302 (4th Cir. 2003) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997)).

A new trial may also be based upon the sufficiency of the evidence if "'(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will

result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998) (quoting Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996)).

In reviewing a motion for a new trial pursuant to Rule 59(a), the court is permitted to weigh the evidence and consider the credibility of witnesses. Cline, 144 F.3d at 301 (citing Poynter v. Ratcliff, 874 F.2d 219, 223 (4th Cir.1989)). Finally, the granting or denial of a motion for a new trial under Rule 59(a) "is a matter resting in the sound discretion of the trial judge." Wadsworth v. Clindon, 846 F.2d 265, 266 (4th Cir. 1988) (citing Old Dominion Stevedoring Corp. v. Polskie Linie Oceaniczne, 386 F.2d 193 (4th Cir. 1967)).

**Discussion**

The court has carefully read plaintiff's motion. Based on such review, the court has not found any intervening changes in the law, that there was any new and material evidence not available at trial, that a clear error of law needs to be corrected, or that a miscarriage of justice has occurred at any level. Further, the verdict rendered by the jury is not against the clear weight of the evidence or based upon evidence which is false and the enforcement of the jury's verdict will not result in a miscarriage of justice.

While plaintiff claims that some of defendant's witnesses presented "false" testimony, the court finds no affirmative support for such claim. The fact that each defense witness testified differently as to whether or where a warning sign was placed some four years ago does not necessarily mean that they provided false testimony. Instead, plaintiff properly brought out and challenged the credibility of those witnesses at trial both on cross and during closing. The jury was properly instructed as to credibility, plaintiff did not object, and the court assumes that the jurors followed the court's credibility instruction in rendering its verdict.

As to plaintiff's claim that he did not have an adequate opportunity to depose one of the defendant's witnesses who he contends gave false testimony, plaintiff failed to raise that concern

in a timely fashion by instigating a subpoena enforcement proceeding when such witness failed to appear for his deposition. Finally, the court finds that plaintiff was afforded an adequate opportunity to fully cross examine such witness at trial, and made the most of that opportunity by calling into question the credibility of such witness.

Put another way, the court strongly believes that both sides received a fair trial and that the verdict reached by the jury as to all issues was sound and remains fully supported by the evidence presented. While a different jury could have certainly reached a different conclusion, there is no showing of a fundamental miscarriage of justice in this case. For these reasons, the motion will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for a New Trial (#51) is **DENIED.**

Signed: September 30, 2012

Max O. Cogburn Jr.
United States District Judge